IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| E.C., a Minor Child., § | | |
| b/n/f F.C., § | | |
|   Plaintiff § | | |
| § | | |
| v. § | Civil Action No.: 4:11-cv-00056 | |
| § | | |
| LEWISVILLE INDEPENDENT § | | |
| SCHOOL DISTRICT, § | | |
|   Defendant § | | |

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO PRESENT ADDITIONAL EVIDENCE**

Now before the Court is Plaintiff's Motion to Present Additional Evidence (Dkt. 9). In his motion, Plaintiff asks that the Court allow him to present evidence in addition to the record from the administrative hearing. As set forth below, the Court finds that Plaintiff's motion should be GRANTED in part and DENIED in part.

This case arises under the IDEA, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482. The IDEA's purpose is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). Plaintiff's First Amended Original Complaint asserts the following causes of action: (1) Count I - the Hearing Officer Did Not Address Plaintiff's Request for Attorney Fees (and requests an award of attorneys' fees in the amount of $2,250 for

1

defending the District's counterclaim); (2) Count II - Claims Under the IDEA (including arguments that the Hearing Officer's "Orders" are all *prospective* in nature, fail to consider or provide compensatory services to E.C., do not require the District to provide evidence of its future compliance or penalties for its failure to comply, and are unworkable and not reasonably calculated to compensate E.C. as evidenced by the fact that they have not been completely implemented, constituting a further denial of FAPE); (3) Count III - Claims Under Section 504 of the Rehabilitation Act of 1973; and (4) Count IV - Claim Under the Americans with Disabilities Act and/or Section 504 of the Rehabilitation Act. *See* Dkt. 7. As part of Plaintiff's complaint and through a separate motion, he now seeks to supplement the record with additional evidence in support of his claims here.

>The statutory framework of the IDEA provides:
>
>In any action brought under this paragraph, the court –
>(i) shall receive the records of the administrative proceedings;
>
>(ii) ***shall hear additional evidence at the request of a party***; and
>
>(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C.A. § 1415(i)(2)(C) (emphasis added).

In this case, Plaintiff seeks to present the following additional evidence: (i) evidence regarding post-due process hearing conduct by the District regarding the alleged failure to implement the Special Education Hearing Officer's orders; (ii) content of audio CD recordings that were not allowed into evidence by the Special Education Hearing Officer at the due process hearing; and (iii) evidence in support his claims brought under Section 504 and the ADA. In response, Defendant

argues that Plaintiff has failed to specify the exact witnesses, testimony, or exhibits with which he seeks to supplement the record.

## STANDARD

The role of the judiciary under the IDEA is limited. A court must reach an independent decision based on a preponderance of the evidence before it, while at the same time giving "due weight" to the hearing officer's decision. *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997); *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993); *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed.2d 690 (1982). The Court's task therefore is not to second guess a school district's decisions or impose its own plans for the education of disabled students; rather, it is the narrow one of determining whether the District complied with the IDEA. *White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 377 (5th Cir. 2003); *see also Daniel R.R. v. State Bd. of Edu.*, 874 F.2d 1036, 1048 (5th Cir. 1989).

As noted above, the IDEA's framework directs courts to "hear additional evidence at the request of a party" and Fifth Circuit opinions are clear that additional evidence should be considered as part of the District Court's *de novo* review of Special Education Hearing Officer's decisions under the IDEA. *Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 382 -383 (5th Cir. 2007) (citing *Teague Indep. Sch. Dist. v. Todd L.,* 999 F.2d 127, 131 (5th Cir.1993) ("the hearing officer's findings are not conclusive and the district court may take additional evidence and reach an independent conclusion based upon the preponderance of the evidence.")). However, as both parties

3

here concede, the Fifth Circuit has yet to directly address how "additional evidence" is defined in this Circuit. As the District Court of the Southern District of Texas has explained:

> The Fifth Circuit has yet to consider IDEA's additional evidence language; however, our sister courts have followed the majority of circuits by applying the *Town of Burlington* standard to determine what constitutes permissible "additional evidence." The general consensus is that IDEA's additional evidence provision is limited, and the decision of whether to allow additional evidence is within the discretion of the district court. This authority is necessary to protect the role of the administrative hearing as the primary forum in which to resolve disputes regarding IEPs-to avoid turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial de novo in the district court. If parties could always introduce additional evidence in the district court to patch up holes in their administrative case, administrative proceedings would not longer receive due weight. Courts should limit or disallow testimony for all who did, or could have testified before the administrative hearing. In the absence of special circumstances, courts should ordinarily exercise [their] discretion in favor of excluding the belatedly offered evidence.

*D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp.2d 603, 616 (S.D. Tex. 2009) (internal quotations and citations omitted). And, it has been noted in this District by Judge Schell that "[a]lthough the *Burlington* court declined to adopt a rigid rule precluding the testimony of all who did, or could have, testified at the administrative hearing, it noted that exclusion would be the proper result in the majority of the cases." *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, 2 (E.D. Tex. 2009) (citing *Marc V. v. North East Indep. Sch. Dist.*, 455 F.Supp.2d 577, 587 (W.D. Tex. 2006), *aff'd,* 242 Fed. Appx. 271 (5th Cir. 2007)

The Court agrees that Section 1415's requirement that the Court consider additional evidence upon the request of a party does not apply to any evidence that was available or readily discoverable at the time of the administrative hearing. However, the Court finds that Section 1415 permits – and

4

in fact mandates in its use of the word "shall"– the consideration of some of Plaintiff's additional evidence here.

## ANALYSIS

The Court will examine each category of "additional evidence" proffered by Plaintiff separately:

**Post-Due Process Hearing Conduct by District**

First, Plaintiff requests that he be allowed to present additional evidence to the Court to supplement the record to show that the District failed to follow the Special Education Hearing Officer's orders after the due process administrative hearing. Plaintiff states that:

> Such evidence shall consist of all educational records relating to E.C. that were created subsequent to and as a result of the due process hearing; testimony of expert witnesses who were either unavailable for the due process hearing or who can provide testimony regarding the conduct taken by LISD with respect to the SEHO's order to evaluate Plaintiff in all areas of the ECC that the district, in the discretion vested in them by the SEHO, conducted following the due process hearing. Additionally, Plaintiff respectfully requests that he be allowed to present additional [sic] regarding the conduct taken by LISD following the due process hearing that has continued to result in a denial of a free appropriate public education to Plaintiff.

Dkt. 9 at ¶13.

In this matter, Plaintiff bases his IDEA claim in part on the alleged unworkable nature of the Special Education Hearing Officers Orders. Specifically, Plaintiff alleges:

> 49. The fact that the Hearing Officer's Orders are unworkable and not reasonably calculated to compensate E.C. for LISD's past IDEA violations nor prevent future violations is shown by the fact that the Hearing Officer's Orders in her due process hearing decision have to date not been completely implemented by LISD, resulting in a further denial of a FAPE to E.C. from the time of the Hearing

Officer's decision to the present.

Dkt. 7 at ¶49.

Generally, this Court has no jurisdiction over complaints based on occurrences after the due process hearing because plaintiffs have not exhausted administrative remedies under the IDEA through an administrative hearing. *See Ariel B. ex rel. Deborah B. v. Fort Bend Indep. Sch. Dist.*, 428 F. Supp.2d 640, 658 (S.D. Tex. 2006). However, a plaintiff "may by-pass the administrative process where exhaustion would be futile or inadequate." *Gardner v. Sch. Bd. of Caddo Parish,* 958 F.2d 108, 112 (5th Cir. 1992) (internal citations omitted); *see also Honig v. Doe,* 484 U.S. 305, 326-27, 108 S. Ct. 592, 98 L. Ed.2d 686 (1988) ("It is true that judicial review is normally not available under [the IDEA] until all administrative proceedings are completed, but as [the Supreme Court] previously [has] noted, parents may bypass the administrative process where exhaustion would be futile or inadequate."). A plaintiff bears the burden, however, of demonstrating futility or inadequacy. *Gardner v. Sch. Bd. of Caddo Parish,* 958 F.2d 108, 112 (5th Cir. 1992).

Accordingly, for the District's post-hearing conduct to be ultimately considered by the Court in its rulings on the merits in this case, Plaintiff will be required to show specific reasons why exhaustion would have been inadequate and futile. *Flores v. Sch. Bd. of DeSoto Parish*, 116 Fed. Appx. 504, 511 (5th Cir. 2004). Because Plaintiff's Complaint specifically alleges that the Special Education Hearing Officer's recommendations have not been implemented in support of Plaintiff's claim the denial of a FAPE to E.C. is ongoing, the Court finds that Plaintiff has sufficiently stated facts that may show the futility or inadequacy of exhaustion of his remedies at the administrative level as to this post-hearing conduct. As such – and without more specific guidance from the Fifth

Circuit as to whether such evidence falls within the scope of Section 1415's "additional evidence" – the Court will consider some of the evidence regarding the District's post-due process hearing conduct pursuant to 20 U.S.C.A. § 1415.

Plaintiff shall be permitted to present evidence of educational records relating to E.C. that were created subsequent to and as a result of the due process hearing and testimony of expert witnesses regarding the District's evaluations of E.C. following the due process hearing, as such information could not have – by its definition – been made part of the record at the time of the administrative hearing. Plaintiff will not be permitted to introduce, however, evidence of expert witnesses who were unavailable for the due process hearing or who will testify about any pre-hearing conduct of the District. Further, because Plaintiff has not specified what other "additional" evidence of post-hearing conduct would support his IDEA claims, the Court declines to make any such additional blanket admission at this time. Plaintiff is limited to E.C.'s post-hearing educational records and expert opinion or evaluations of E.C. post-hearing.

Defendant is also granted leave to submit any additional evidence of its post-hearing conduct to rebut Plaintiff's additional evidence. If the record in this case ultimately shows that exhaustion of remedies as to the post-hearing conduct was required, the additional evidence submitted by both parties will be disregarded.

**Audio Recordings Excluded by Special Education Hearing Officer**

Plaintiff also asks the Court to consider audio recordings which the Special Education Hearing Officer found were not authenticated and therefore inadmissible. Plaintiff argues that the

audiotapes demonstrate LISD's failure to provide instructional and related services to E.C. in accordance with his Individual Education Program.

According to Plaintiff, he was allowed to make an offer of proof as to the content of the tapes at the administrative hearing; therefore, the Court will likely be able to decipher their import from the offer of proof made on the administrative record. Nonetheless, because this Court's review is *de novo* and because Plaintiff offered them at the time of the hearing thereby preserving his right to offer them here, the Court will permit Plaintiff to offer the audio recordings as part of the additional evidence to be considered by the Court. Defendant may object to their admissibility in these proceedings accordingly.

**Section 504 of the Rehabilitation Act of 1973 and Americans with Disabilities Act**

Finally, Plaintiff seeks to introduce evidence in support of his claims under the ADA and Section 504 of the Rehabilitation Act of 1973. It is undisputed that, unless barred by general principles of issue preclusion, a student may assert claims under IDEA as well as Section 504 and the ADA. *Marvin H. v. Austin Indep. Sch. Dist.,* 714 F.2d 1348, 1356 (5th Cir. 1983); 20 U.S.C. § 1415(*l*) (providing in pertinent part: "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies under ... the Americans with Disabilities Act of 1990 ... title V of the Rehabilitation Act of 1973 ... or other Federal laws protecting the rights of children with disabilities ..."); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 297 (5th Cir. 2005).

Plaintiff is permitted to supplement the record with evidence in support of his Section 504 and ADA claims. Primarily, these claims were not before the Special Education Hearing Officer

and, as such, the administrative record may not contain Plaintiff's evidence in support of them. Moreover, the Court finds that Plaintiff's Section 504 and ADA claims are not subject to any of the IDEA's requirements regarding additional evidence and the consideration thereof. Thus, the Court must allow Plaintiff — and Defendant for that matter — to supplement the summary judgment record with any summary judgment evidence regarding those claims.

As to any dispositive motions submitted regarding those claims, the Court will hold the parties to the traditional summary judgment burdens. Plaintiff is cautioned that, in the Fifth Circuit, "facts creating an inference of professional bad faith or gross misjudgment are necessary to substantiate a cause of action for intentional discrimination under § 504 or ADA against a school district predicated on a disagreement over compliance with IDEA." *D.A. v. Houston Indep. Sch. Dist.,* 629 F.3d 450, 455 (5th Cir. 2010).

Therefore, Plaintiff's Motion to Present Additional Evidence (Dkt. 9) is GRANTED as to (i) E.C.'s educational records created subsequent to and as a result of the due process hearing; (ii) testimony of expert witnesses regarding the District's evaluations of E.C. following the due process hearing; (iii) content of audio CD recordings that were not allowed into evidence by the Special Education Hearing Officer at the due process hearing; and (iv) evidence in support Plaintiff's claims brought under Section 504 and the ADA. The motion is DENIED as to any other additional evidence. The Court's rulings herein allowing the presentation of certain evidence as "additional evidence" shall not be construed as a ruling on their admissibility, and Defendant may make any evidentiary challenges or offer any rebuttal evidence under the Federal Rules of Evidence and applicable authorities as appropriate.

Within 10 days of the date of this Order, the parties shall confer and submit a proposed agreed scheduling order to govern the remaining deadlines in this case. The parties shall include in their scheduling order a deadline for Plaintiff to submit his additional evidence to Defendant, followed by a deadline for Defendant to produce any additional evidence to Plaintiff necessary to challenge or rebut Plaintiff's additional evidence. The parties shall act in good faith in the exchange and use of the additional evidence allowed.

**SO ORDERED.**

**SIGNED this 29th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE